

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00154-CR

CYNTHIA SCHLAPPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 6
Travis County, Texas
Trial Court No. C-1-CR-13-153034, Honorable Brandy Mueller, Presiding

October 19, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Cynthia Schlapper, was convicted of the offense of criminal trespass,[1] and sentenced to serve 45 days in the Travis County Jail with the jail time suspended while appellant was placed on community supervision for nine months. Appellant presents one issue for our review. Appellant contends that the evidence is insufficient to sustain the conviction. We will reverse and render.

---

[1] See TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2014).

The facts of the case are relatively simple. Appellant is an adjacent landowner to Crosswater Marina in Travis County, Texas. Appellant had an easement for ingress and egress only across a portion of Crosswater's land. Appellant and Crosswater have a lengthy history of disputes and disagreements concerning the easement and appellant's entering upon Crosswater's land.

In August 2013, appellant was seen on what Crosswater deemed to be its property. Appellant was confronted and instructed to leave the property and told if she came back, she would be arrested. This confrontation was with the manager for Crosswater, Mr. Roland Adams. Eventually, a criminal trespass case was filed against appellant.

The criminal information alleged that appellant:

on or about August 16, 2013, did then and there intentionally and knowingly enter on the property of another, without the effective consent of another, to wit: D. Gibson, and the Defendant did then and there have prior notice that entry was forbidden.

Appellant contends that the evidence reflects that D. Gibson is Detective Gibson of the Travis County Sheriff's Office. Further, appellant contends that Detective Gibson did not send a trespass notice letter to appellant until August 26, 2013. Therefore, according to appellant, there is no evidence that appellant had notice that entry was forbidden on the day alleged in the information.

The State has filed a letter brief with this Court that acknowledges the defect in the evidence regarding the date of notice that entry was forbidden. The State posits that, by alleging "without the consent of another, to wit: D. Gibson," it had unnecessarily increased its own burden. Further, having done so, the State is required to prove the

2

fact alleged, that is, without the consent of another, to wit: D. Gibson. *See Curry v. State,* 30 S.W.3d 394, 398 (Tex. Crim. App. 2000). Since the facts demonstrate that the trespass letter was not sent until after the date of the offense alleged in the indictment, the evidence is insufficient. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Accordingly, we sustain appellant's insufficient evidence point.

Conclusion

Having sustained appellant's issue, we reverse the judgment of the trial court and render a judgment of acquittal.

Mackey K. Hancock
Justice

Do not publish.